# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO: 5:07-CV-33-RLV-DCK

| | |
|---|---|
| ROBERT L. LEMKEN, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion For Summary Judgment" (Document No. 8) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 9) filed July 16, 2008; Defendant Commissioner's "Motion for Summary Judgment" (Document No. 10) and Defendant's "Memorandum In Support Of The Commissioner's Decision" (Document No. 11) filed August 27, 2008; and "Plaintiff's Reply To Defendant's Memorandum In Support Of The Commissioner's Decision" (Document No. 12) filed September 5, 2008. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and these motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed:

## I. PROCEDURAL HISTORY

Plaintiff Robert L. Lemken ("Plaintiff") through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. On December 29,

2004, Plaintiff applied for a period of disability and Disability Insurance Benefits ("DIB"), alleging that he became unable to work on December 31, 2004, due to the condition of his hands, notably his thumbs.

Plaintiff's application was denied initially and on reconsideration. (Tr. 252-267). After a hearing at which a vocational expert testified, Administrative Law Judge James E. Seiler ("ALJ") found on July 21, 2006, that the Plaintiff was able to do his past work and therefore was not disabled within the meaning of the regulations. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the decision on February 7, 2007. (Tr. 8-11). On April 16, 2007, the Appeals Council issued a Notice that it had considered additional information, but again "found no reason under our rules to review the Administrative Law Judge's decision." (Tr. 3).

On March 15, 2007, Plaintiff filed a "Complaint" (Document No. 1) with this Court contending that the ALJ's determination was not supported by substantial evidence and was based on errors of law. Plaintiff demands judgment entitling him to benefits as of December 31, 2004, or in the alternative, remand of this case to the Commissioner for a new hearing. (Document No. 1 at p.2). The parties' cross motions for summary judgment are now before the undersigned for a memorandum and recommendation to the presiding district judge.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence" is defined as

> more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Perales, 402 U.S. at 401.

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between December 31, 2004, and the date of his

decision.[1] To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On July 21, 2006, the ALJ found that Plaintiff was not "disabled" at any time between December 31, 2004, and the date of his decision. (Tr. 17). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. (20 C.F.R. § 404.1520(a)). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

(20 C.F.R. § 404.1520(a)(4)(i-v)). In this case the ALJ determined at the fourth step that Plaintiff was able to perform his past relevant work and thus was not disabled.

The ALJ first concluded that Plaintiff had not engaged in substantial gainful activity after his alleged disability onset date. (Tr. 19). At the second step, the ALJ found that Plaintiff's post

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

traumatic cervical degenerative joint disease status post C7, spondylisthesis, and end stage degenerative joint disease at the base of both thumbs, were severe impairments. (Tr. 19).[2] At the third step, the ALJ determined that none of Plaintiff's impairments, or a combination thereof, met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Regulation 4, Appendix 1. (Tr. 19).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform work at a light exertional level, or work involving the following limitations:

> lifting and carrying as much as 20 pounds occasionally and as much as 10 pounds frequently, and sitting, standing or walking, off and on, for up to 6 hours in an 8 hour workday.

(Tr. 20). In making his finding, the ALJ considered all symptoms and the extent to which the symptoms could reasonably be accepted as consistent with objective medical evidence, opinion testimony, and Plaintiff's testimony. (Tr. 20-24). After considering the evidence, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms was not entirely credible. (Tr. 24).

At the fourth step, the ALJ found that Plaintiff was capable of performing his past relevant work as an estimator. (Tr. 24). Specifically, the ALJ opined that the record indicated that Plaintiff could work as an estimator 8 hours per day and 5 days per week, if he pursued the treatment options offered to him that would relieve his symptoms. (Tr. 24). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

December 31, 2004, and the date of his decision, July 21, 2006. (Tr. 24).

Plaintiff on appeal to this Court makes the following assignments of error: (1) that the Commissioner erred in the application of Acquiescence Ruling 00-1(4) ("AR 00-1(4)"); (2) that the ALJ failed to properly evaluate Plaintiff's subjective complaints regarding compliance with treatment and credibility; (3) that the ALJ erred in his RFC assessment; (4) that the ALJ improperly determined Plaintiff could return to his past relevant work; and, (5) that the Appeals Council failed to consider new and material evidence. (Document No. 9). The undersigned will discuss each of these contentions in turn.

### A. Commissioner's Reconciliation of Plaintiff's Subsequent Allowance with ALJ's Decision

In his first assignment of error, Plaintiff alleges that the Commissioner erred in his application of AR 00-1(4), as evidenced by the fact that the Appeals Council failed to explain how his condition worsened between July 21 and July 22, 2006. (Document No. 9 at p.8-9; Document No. 12 at p.1). Plaintiff had filed a subsequent application for social security disability benefits on October 23, 2006, and was found to be disabled as of July 22, 2006, due to a mood disorder and a back disorder. (Tr. 4). Plaintiff's argument, however, appears to be based on a misunderstanding of what decision is presently under review.

Pursuant to AR 00-1(4), in "determining whether the claimant was disabled during a previously unadjudicated period," the adjudicator must consider the prior findings as evidence, and give these findings appropriate weight in light of the relevant facts and circumstances. (See Document No. 9 at p.8). As such, AR 00-1(4) would only be applicable if the claim at issue was Plaintiff's subsequent allowance of disability benefits. In the present case, however, it is the ALJ's decision based on Plaintiff's original disability application that is under review, as the

Commissioner's subsequent favorable determination is not before this Court. See Baker v. Sullivan, 880 F.2d 319, 321 (11th Cir. 1989).

In the instant matter, Plaintiff seeks review of the Commissioner's original determination that he was not disabled between December 31, 2004 and July 21, 2006. As for the two different determinations that the Commissioner reached regarding Plaintiff's disability status, that situation is covered by *Hearings, Appeals, and Litigation Law Manual* I-5-3-17 ("HALLEX I-5-3-17"), which states that if the initial or reconsideration determination on a subsequent application is favorable, then the Appeals Council will consider evidence from the subsequent claim to determine whether there is new and material evidence relating to the prior claim. (Document No. 11-2). Furthermore, "[a]ny favorable determination on the subsequent claim made while the request for review of the hearing decision in the prior claim is pending will be limited to the period beginning the day after the date of the ALJ's decision on the prior claim." Id.

Here, the Appeals Council complied with that mandate, as the Appeals Officer noted that the Appeals Council recognized that Plaintiff had been found disabled as of July 22, 2006. (Tr. 4). The Appeals Council specifically found that the subsequent allowance did not warrant a change in the ALJ's decision since Plaintiff reported at his February 10, 2007 consultative examination that his mental impairments did not begin until five months after he had been denied Social Security benefits. (Tr. 4). The decision by the Appeals Council is supported by the evidence in the record, as Plaintiff's subsequent allowance was based on findings from a psychiatric consultative examination and his original claim only concerned physical impairments. (See Tr. 66; see also, Tr. 88 "Problem is physical, not mental").

Plaintiff repeatedly argues that the Appeals Council failed to explain how his condition worsened between July 21 and July 22, 2006. It is not clear from the record presented that the

7

Appeals Council was obligated to find or explain that Plaintiff's condition had worsened. In short, Plaintiff's original claim for benefits was denied, his subsequent claim, based on different and/or additional allegations of disability was subsequently allowed; however, the subsequent favorable determination could only approve a period beginning the day after the original claim period ended - thus July 22, 2006. (See Document 11-2).

The undersigned finds that Plaintiff has failed to demonstrate any error in the Commissioner's determination; the Appeals Council properly considered his subsequent allowance, but found that it did not warrant a change in the ALJ's decision.

### B. Evaluation of Subjective Complaints

#### 1. Plaintiff's Compliance with Treatment

Next, Plaintiff contends that the ALJ misapplied 20 C.F.R. § 404.1530 and Social Security Ruling 82-59, in finding that he had been noncompliant with "prescribed treatment."[3] (Document No. 9 at p.11). Plaintiff argues that "there is absolutely no indication that Mr. Lemken has been 'prescribed' treatment." (Document No. 9 at p.10).

The record does not support Plaintiff's claim that the ALJ made a finding that Plaintiff had been noncompliant with prescribed treatment. A review of the hearing decision reveals that the ALJ acknowledged that "[i]n this case, the **claimant has not failed to follow prescribed treatment**, but he was offered treatment options to address the symptoms...." (Tr. 23)(emphasis added). The ALJ noted that Plaintiff had not been informed by the Social Security Administration that "he will be fond [sic] not disabled unless he undergoes these injections or the hand surgeries." (Tr. 23).

---

[3] 20 C.F.R. § 404.1530 provides that in order to get benefits a claimant must follow treatment prescribed by a physician if it could restore the ability to work, and outlines acceptable reasons for failing to follow prescribed treatment. SSR 82-59 states the policy and describes the criteria necessary for a finding of failure to follow prescribed treatment when evaluating disability.

8

Contrary to Plaintiff's assertion, the ALJ did not find that Plaintiff was not disabled due to noncompliance with prescribed treatment. (See Document No. 9 at pp.9-11).

### 2. **ALJ's Credibility Determination**

Plaintiff also contends that the ALJ erred in assessing credibility where he found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Document No. 9 at p.11)(citing Tr. 24). Plaintiff claims that the ALJ's credibility determination is flawed because it contains an inaccurate summarization of the medical records, and ignored medical evidence that supported his testimony. (Document No. 9 at p.11).

Once it is determined that a claimant has an impairment that could reasonably produce the symptoms alleged, the ALJ considers those symptoms, including pain, when determining disability.[4] An ALJ considers the extent to which he may reasonably accept a claimant's symptoms as consistent with the record evidence, and how these symptoms limit the claimant's work capacity. 20 C.F.R. §§ 404.1529(a), 404.1529(c)(1). Primarily, an ALJ considers objective medical evidence, which is obtained from medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1529(c)(2). Lack of objective evidence does not automatically negate an individual's subjective statements about the intensity or persistence of their pain or other symptoms, or about how these symptoms affect their ability to work. Id., accord Social Security Ruling ("SSR") 96-7p. The adjudicator considers these statements' credibility, or consistency, with the entire case record based on the following factors: effect on activities of daily living; location, duration, frequency, and

---

[4] See 20 C.F.R. § 404.1528(a)(defining "symptoms" as an individual's own description of their physical or mental impairment).

intensity of pain and other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; treatment received; measures taken to alleviate symptoms; and any other relevant factors. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1529(c)(4); accord SSR 96-7p. An ALJ's credibility finding need not mechanically recite findings regarding each credibility factor, but it must cite specific evidence of record and "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

It is the ALJ who determines the weight of evidence, makes findings of fact, and resolves evidentiary conflicts. Hays, 907 F.2d at 1456. Such deference also extends to an ALJ's credibility determination. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). In this case, it appears that the ALJ correctly applied the relevant legal standards and found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (Tr. 24).

In reaching his determination, the ALJ addressed Plaintiff's hearing testimony, including evidence related to the location of his pain, his medical treatment, and his activities of daily living. (See Tr. 22-24). First, the ALJ noted that Plaintiff stated that he was disabled because of the condition of his neck, hands, elbows, shoulders, and knees. (Tr. 22). The ALJ observed that Dr. Pierre J. Moeser provided Plaintiff with several treatment options, including pain relief medication (Tylenol), narcotic type pain medication, corticosteroid injections, surgery, or stopping working. (Tr. 22). The ALJ then noted that while Plaintiff reported that Dr. Moeser did not "really" offer him surgery or pain relief injections as treatment because his condition had progressed too far, the doctor actually stated that temporary relief measures were available upon request, and surgery could be avoided if he stopped working. (Tr. 23).

10

In addition to finding that Plaintiff's testimony about the availability of options was inconsistent with the record, the ALJ also considered Plaintiff's failure to pursue treatment options. "The record does not reflect that he made use of medication, treatment and surgical options available for symptoms of relief, when he was working or when he stopped working." (Tr. 24). The ALJ's consideration of the treatment *options* that Plaintiff had been offered as part of his credibility determination is permissible; the Fourth Circuit has held that a failure to seek treatment detracts from the credibility of a claimant's subjective complaints of pain. Davis v. Chater, No. 1995 WL 395734, at *3 (4th Cir. July 6, 1995). The Fourth Circuit has also opined that a claimant's failure to fill a pain medication prescription and to sustain a consistent treatment regimen can constitute evidence to support a credibility finding that subjective complaints of pain do not comport with other evidence in the record. Hunter v. Sullivan, 993 F.2d 31, 36 (4th Cir. 1992).

Next, the ALJ's decision noted that while Plaintiff reported that he could not afford surgery, injections, or pain medication due to his lack of insurance, he was able to see a doctor when he had an upper respiratory infection, and he later testified inconsistently that his insurance was going to expire May 31, 2006. (Tr. 23); see SSR 96-7p (noting that "one strong indication of credibility of an individual's statements is their consistency, both internally and with other information in the case record"). The ALJ added that the record does not demonstrate that Plaintiff attempted to obtain treatment and was denied due to insufficient funds or lack of insurance, or that he sought and was denied low-cost or free health care. (Tr. 23). Additionally, there is no evidence that Plaintiff reported to his doctors that he could not afford medication or treatment, and was then still denied those measures. (Tr. 23).

Finally, the ALJ found that some of Plaintiff's activities were inconsistent with the limitations he had described. (Tr. 23). Specifically, the ALJ noted that the record indicated that

11

Plaintiff was able to do laundry, fold clothes, go to the grocery store, ride a bike, drive between Missouri and North Carolina, place dishes in the dishwasher, play cards and dominos, and lift twenty pounds. (Tr. 23). The ALJ concluded that Plaintiff's subjective complaints were not afforded much weight because his alleged level of impairment was not consistent with the preponderance of the evidence as a whole. (Tr. 24).

The ALJ's consideration of Plaintiff's daily activities is proper pursuant to 20 C.F.R. § 404.1529(c)(3)(i) and Social Security Ruling 96-7p, because the ALJ must evaluate a claimant's activities of daily living in assessing the credibility of his subjective complaints. See also Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (holding that a claimant's daily activities, such as performing home exercises, taking care of the family pets, cooking, and doing laundry were inconsistent with the claimant's complaints of excruciating pain and inability to perform basic physical and mental work abilities).

To the extent the ALJ's decision improperly stated that Plaintiff could lift twenty pounds, instead of could "lift maybe twenty pounds" or failed to explicitly address the details of Plaintiff's drives between Missouri and North Carolina, the undersigned does not find that these alleged shortcomings require the case to be remanded. The ALJ's credibility determination is supported by substantial evidence, applied the correct legal standard, and should be affirmed. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

### C. ALJ's RFC Determination

Plaintiff asserts that the ALJ's residual functional capacity ("RFC") determination is deficient because the ALJ failed to perform a function-by-function assessment. (Document No. 9 at p.15). Specifically, Plaintiff maintains that while the ALJ determined that he could perform the lifting requirements of light work, the ALJ failed to discuss any of the other requirements of that

type of work, including his capacity to stand, walk, sit, reach, or engage in postural activities. (Document No. 9 at p.16). At the hearing stage, the ALJ is solely responsible for deciding Plaintiff's RFC, and in making that determination the ALJ must consider the functional limitations resulting from Plaintiff's medically determinable impairments. 20 C.F.R. § 404.1546(c); Social Security Ruling (SSR) 96-8p. A review of the hearing decision demonstrates that the ALJ's RFC determination is supported by substantial evidence, as the ALJ found that Plaintiff could perform light work based on a review of the medical records from Dr. Moeser and the St. Charles Clinic Medical Group, as well as Plaintiff's own hearing testimony. (Tr. 20-24).

Plaintiff is relying on the fourth point under the "Purpose" section of Social Security Ruling ("SSR") 96-8p, which states "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . [o]nly after that may RFC be expressed in terms of the exertional levels of work...." Functions include "certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)...." 20 C.F.R. § 404.1545(b) and 20 C.F.R. § 416.945(b). Defendant makes the point that the SSR 96-8p also provides that

> when there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.

"Policy Interpretation" SSR 96-8p.

The ALJ found that Plaintiff had the residual functional capacity to perform light work, or work "that involves lifting and carrying as much as 20 pounds occasionally and as much as ten pounds frequently and sitting, standing or walking, off and on, for up to six hours in an 8 hour

13

workday." (Tr. 20). Therefore, contrary to Plaintiff's claim, the ALJ did address Plaintiff's ability to sit, stand, lift, walk and carry. Moreover, Plaintiff's "Function Report - Adult" stated that he was capable of these tasks, and there is no allegation of a limitation that would have prevented Plaintiff from light work, particularly his past relevant work as an estimator. (Tr. 86-88). As for Plaintiff's ability to reach and engage in postural activities, he has failed to present any evidence that he experiences limitations in these areas. (See Document No. 9 at pp.14-16). Where there is no evidence in the administrative record to support the presence of a physical or mental limitation, then the ALJ has no choice but to find that the Plaintiff does not have such a restriction. SSR 96-8p.

Plaintiff also contends that the ALJ failed to address whether he could perform the functional requirements of light work on a regular and continuing basis. (Document No. 9 at p.16). The Fourth Circuit has determined that an RFC determination implicitly contains a finding that the claimant can work on a regular and continuous basis. See Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006). Furthermore, the ALJ will have complied with the requirements of Social Security Ruling 96-8p if he bases his RFC on the state examiner's function-by-function analysis of Plaintiff's exertional limitations, and that was done in this case. (See Tr. 96-99); See also, Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004).

As the RFC determination is an administrative function that has been delegated to the ALJ, and Plaintiff has failed to present evidence that contradicts the ALJ's decision, the Plaintiff's contention that the ALJ's decision should be remanded is unavailing.

**D. The ALJ's Determination That Plaintiff Could Return To Past Relevant Work**

Plaintiff contends that the ALJ's step-four determination is not supported by substantial evidence because the judge failed to make the specific findings required by Social Security Ruling 82-62. (Document No. 9 at pp.16-17). At step four of the sequential evaluation process, the burden

is on Plaintiff to establish that he has a physical impairment which prevents him from performing his past relevant work. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). To determine whether Plaintiff can return to his past relevant work, the ALJ must compare his RFC to the physical and mental demands of the work that he has done in the past. 20 C.F.R. § 404.1560(b) (2008). The ALJ, in making this determination, will also consider whether the claimant retains the RFC to perform the job duties of his particular past relevant work, or whether the claimant's RFC allows him to perform the duties of his past job as they are performed in the national economy. SSR 82-61.

In the present case, the ALJ found that Plaintiff had the residual functional capacity to perform light work. (Tr. 20). The ALJ then noted that Plaintiff's job as an estimator did not require much lifting or carrying, and was performed while seated. (Tr. 24). The ALJ further determined that Plaintiff could perform the work of an estimator, eight hours a day, five days a week. (Tr. 24). Based on these findings, the ALJ concluded that Plaintiff was not disabled, as he could perform his past relevant work. (Tr. 24).

Plaintiff argues, however, that the ALJ failed to follow the specific requirements of Social Security Ruling 82-62, as the judge's decision did not include the following essential factual findings: 1) a finding of fact as to his RFC; 2) a finding of fact as to the physical and mental demands of his past relevant work; and 3) a finding of fact that his RFC would permit him to return to his past relevant work. (Document No. 9 at pp.16-17). The undersigned, however, finds that the ALJ sufficiently set forth the critical factual findings. He found that Plaintiff could perform light work, that the job of estimator position did not require much lifting or carrying and could be performed while seated, and that Plaintiff's work as an estimator did not require work activities

15

precluded by his RFC.[5] (Tr. 20, 24). Further, the ALJ's conclusion is consistent with Plaintiff's accounting of his duties as an estimator, as Plaintiff reported that the job was performed while seated, and the heaviest and most frequent weight lifted was less than ten pounds. (Tr. 77). The ALJ appropriately concluded that Plaintiff had failed to meet his burden of showing that he was not able to perform his past relevant work. (Tr.24).

As the duties of Plaintiff's past relevant work as an estimator are consistent with his RFC for light work, Plaintiff has failed to demonstrate any deficiency in the ALJ's determination, and, therefore, it should be affirmed.

### E. Appeals Council Consideration of Additional Evidence

In his final assignment of error, Plaintiff claims that the Appeals Council failed to properly consider "new and material evidence" that he submitted. (Document No. 9 at pp.17-19). In raising this argument, Plaintiff notes that he submitted a letter from Dr. Moeser, which was new and material because it clarified the doctor's opinion on his functional capabilities and his instructions as Plaintiff's treating physician. (Document No. 9 at p18). The record clearly indicates that the Appeals Council did consider this letter and determined that it was not new or material because it failed to "reflect any additional treatment or reference any specific functional limitations" that would change the ALJ's decision. (Tr. 9).

Plaintiff also notes that he submitted a letter from Dr. Margolis and a Vocational Rehabilitation Evaluation from James Isreal, but the Appeals Council failed to mention either of

---

[5] In order for a Plaintiff to prevail at step four of the analysis, he must demonstrate an inability to return to his past occupation not merely an inability to return to his "specific prior job". DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983). In addition, pursuant to Social Security Ruling 82-61, a claimant who cannot perform the excessive functional demands of his past job but can perform the functional demands of his past work as generally required by employers in the national economy should be found to be "not disabled."

those documents, and thus it is unknown what consideration the evidence was given. (Document No. 9 at p18). A review of the Appeals Council's April 16, 2007 denial notice demonstrates, that the Council did consider both Dr. Margolis' letter and Isreal's Vocational Rehabilitation Evaluation. (Tr. 2-4, 7). Although the Appeals Council did not discuss their reasoning at length, it clearly considered the additional evidence that was submitted and determined that these items did not warrant a change in the ALJ's decision. (Tr. 3-4). The undersigned does not find that Plaintiff's claim adequately supports a remand of the ALJ's decision.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 390 (1971). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 8) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 10) be **GRANTED**; and that the Commissioner's decision be **AFFIRMED**.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact and conclusions law and the recommendations contained herein must be filed within fourteen (14) days after service of same. Fed.R.Civ.P. 72 (2010). Responses to objections must be filed within fourteen (14) days after service of the objections. Failure to file objections to this Memorandum and

Recommendation with the District Court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is directed to send copies of this Memorandum and Recommendation to counsel for the parties, and to the Honorable Richard L. Voorhees.

**IT IS SO RECOMMENDED**.

Signed: July 26, 2010

David C. Keesler
United States Magistrate Judge